CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 2 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD ROBERT PILCHER, | ) | CASE NO. 7:13CV00135 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Donald Robert Pilcher, a Virginia inmate proceeding pro se, filed this action, styled as a "MOTION TO VACATE VOID JUDGMENTS PER FRCP 60(B)." Pilcher challenges the validity of his confinement under two 2001 judgments of the Roanoke County Circuit Court convicting him of sexual offenses that had occurred in 1969 and 1970. Given the nature of Pilcher's claims, the court construed and docketed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Upon review of the petition and the court's record in past cases Pilcher has filed, the court concludes that Pilcher's current petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[2]

Court records indicate that Pilcher previously filed a § 2254 petition concerning each of the state court judgments he challenges here. See Pilcher v. Johnson, Case No. 7:05CV00696 (W.D. Va. March 10, 2006); Pilcher v. Johnson, Case No. 7:05CV00688 (W.D. Va. March 9, 2006). Thus, Pilcher's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

---

[1] Pilcher is not entitled to relief under the legal authority he cites, Rule 60(b) of the Federal Rules of Civil Procedure. This rule applies only to federal civil actions, not state criminal proceedings. See Fed. R. Civ. P. 1.

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Pilcher does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of April, 2013.

/s/ James C. Turk
Senior United States District Judge